WESTERN DIST.
*September,* 1836.

CARLIN
*vs.*
HARDING.

Judgments taken by default, even when the party has been cited, cannot be proceeded on by the *via executiva.*

</div>

---

CARLIN *vs.* HARDING.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

10L 223
52 426
10 223
e115 813

An oral agreement between the plaintiff and defendant, that as endorsers of a note, each will pay one half of the entire sum for which they are liable, is not annulled or suspended by a subsequent agreement to reduce the first one to writing.

The oral agreement was perfect and binding on both parties when the proposition to reduce it to writing was made ; the latter agreement can only be considered as intending to give a less mutable form to the first one.

This is an action by the second endorser of a promissory note, discounted in bank for seven hundred dollars, against the first one. Both endorsements are in blank. The bank, as holder of the note, recovered a judgment against the endorsers for the entire sum *in solido,* which was satisfied by each of them paying one half.

The plaintiff alleges, that as second endorser he is entitled to recover the sum, which he paid on said judgment to the

CARLIN
vs.
HARDING.

bank, from the defendant, amounting to four hundred and eleven dollars and fifty cents, with interest and costs.

The defendant admits that he and the plaintiff endorsed an accommodation note for James Foster, which was discounted in bank for the sum stated, but that it was verbally and specially agreed between them, that in case the note was not paid by Foster, each one was to pay one half of the amount thereof and divide the loss equally. That, in pursuance of said agreement, he paid up and discharged one half of a judgment, interest and costs, which the bank obtained against them on said note. He prays that the plaintiff's demand be rejected, with costs, and for general relief.

Upon these pleadings and issues the case was *tried* before the court on the following facts, admitted in evidence.

The plaintiff and defendant were the endorsers on an accommodation note drawn by James Foster, to the order of W. S. Harding, and endorsed by him and the plaintiff in blank, and which was discounted for the benefit of the drawer. A short time before the note became due, the parties, not knowing which was the first endorser, *agreed, verbally,* that each would pay one half. That previously to this the defendant had taken a mortgage from Foster on a negro man, to secure him against his endorsement. Nothing was said of this matter at the time of the agreement, but shortly afterwards the plaintiff demanded of the defendant a transfer of one half of the mortgage, which the latter refused. The former then said he would not consider himself bound by their first agreement. The defendant insisted on it, but still refused the plaintiff a participation in his mortgage. It appeared, also, that the plaintiff required the agreement with the defendant, that each pay half the note, should be drawn up in writing, and that defendant directed an attorney to draw it up accordingly, but it was not done. It was in proof that the mortgage was worthless, the negro being previously covered by judicial mortgages to a greater amount than his value.

Judgment was given for the plaintiff, and the defendant appealed.

*Splane,* for the plaintiff, contended, that as the agreement between the plaintiff and defendant, that each should pay one half of the note endorsed by them, was intended and contemplated to be in writing, the plaintiff had a right to withdraw from it and did so, in consequence of which it was no longer binding.

2. The second endorser of a promissory note is entitled to recover the whole amount thereof from the first, when their names are endorsed in blank, and when he has paid, or is the holder of it.

*T. H. Lewis,* for defendant, said the only question is, whether a party to a verbal contract can recede without the consent of the other. This cannot be done.

*Martin, J.,* delivered the opinion of the court.

The parties to the present suit having endorsed an accommodation note for one of their friends, and not recollecting which of them was the first endorser, entered into an oral agreement that each of them should support one half of the loss, if there was any. The plaintiff having paid one half of the note, but discovering he was the last endorser, brought the present suit to recover the money thus paid. The defendant has appealed to this court from the judgment rendered against him.

He shows that, some time after the agreement had been entered into between them, the plaintiff required that it should be reduced to writing, to which the defendant assented. This agreement was, however, never carried into effect by actually reducing it to writing. The defendant's counsel contends that the district judge erred in considering the oral agreement as annulled by the subsequent understanding that it should be reduced to writing, or at least as suspended until this was done.

It appears to us that the judge *a quo* erred in his decision. The oral agreement was perfect and binding on both parties, when the proposition to reduce it to writing was made by the plaintiff to the defendant. This proposition, and the

29

*Margin notes:*

WESTERN DIST.
*September,* 1836.

CARLIN
*vs.*
HARDING.

An oral agreement between the plaintiff and defendant, that as endorsers of a note, each will pay one half of the entire sum for which the endorsers are liable, is not annulled or suspended by a subsequent agreement to reduce the first one to writing.

WESTERN DIST. assent thereto, must be considered as made with the view to
September, 1836. secure the performance of the oral agreement, by giving to
it a less mutable form, rather than to annul or suspend it.
Had the parties proceeded to the confection of the writing,
neither would have had the right of insisting on the change
or alteration of an *iota* of the agreement. Neither could
insist on any thing but a correct and faithful transcript of
the agreement, and in case of a disagreement in this respect,
they would have to remain in possession of the right of esta-
blishing the first agreement by any evidence in his power, or
by an appeal to the conscience of his adversary. His failure
might be the consequence of his inability to establish the
contract, not from its being annulled or suspended by the
agreement to reduce an oral contract to writing.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and
reversed, and that ours be for the defendant and appellant,
with costs in both courts.